Thomas Knott, Respondent, v. Festus B. Glaze, Appellant.

Kansas City Court of Appeals, May 24, 1886.

1. Pleading—Cause of Action—Construction of Sections 3921-23, Revised Statutes—Case Adjudged.—In an action for injuries alleged to have been sustained by plaintiff, by reason of defendant wrongfully tearing down a partition fence between their respective lands, etc., the *petition* avers that the fence was a partition fence; that defendant tore it away; that plaintiff's stock running on his enclosures adjoining said fence escaped, whereby plaintiff was put to great trouble and expense, etc., to his damage in one hundred dollars. *Held*, that the petition states a good cause of action under the statute. Sects. 3921, 3922, 3923, Rev. Stat.

2. Division Fences—Removing of—Notice Under Section 5663, Revised Statutes.—In the case of division fences being removed, unless with the consent of all the owners thereof, the statute (sect. 5663, Rev. Stat.) requires the party desiring to remove his part, that he give the other owner six months' *notice*, in writing, of his intention to move the same. It is only where the party making the removal has given the notice that the statute affords any protection to him for the interference.

APPEAL from Carroll Circuit Court, HON. JAMES M. DAVIS, Judge.

*Affirmed.*

The case is stated in the opinion.

J. W. SEBREE and HALE & JONS, for the appellant.

I. The petition shows no cause of action. It does not state that the opening made by the tearing down said fence entered into any enclosure other than that of defendant. Nor that the fence removed was not on the land that belonged to defendant. The action is under the statute of trespass. Sects. 3921-2-3, Rev. Stat.; *Walthar v. Warner*, 36 Mo. 146; *Hewitt v. Harvey*, 46 Mo. 370; *Blewett v. Smith*, 74 Mo. 406.

II. Defendant had the right to remove the fence without subjecting himself to an action for damages, under the notice given by plaintiff and pleaded in the answer. Plaintiff by giving defendant formal notice that he, himself, intended to tear away his fence, was in possession of all the notice that he could have by *defendant* giving the formal notice. The petition does not charge, nor is there any proof that the fence was technically a partition fence. Hence section 3922, Revised Statutes, does not apply to this case. *Sims v. Field*, 74 Mo. 141.

III. Plaintiff is estopped from questioning the right of defendant to do what he had notified defendant that *he* intended to do.

IV. Plaintiff's damage was from his own fault. He could have prevented any at a trifling expense. Besides, his claim for hunting up his cattle is too remote. *State v. Powell*, 44 Mo. 440.

VOL. XXII—23

Jas. F. Graham and L. H. Waters, for the respondent.

I. There was evidence tending to support every allegation in the petition, and the judgment must stand unless the petition fails to show a cause of action. *Saulsbury v. Alexander*, 50 Mo. 142.

II. The petition states a good cause of action. The fact that different causes of action were stated in the same petition goes for nothing, as no exceptions were taken to the petition for that reason. *House v. Lowell*, 45 Mo. 381; *Pickering v. Telegraph Company*, 47 Mo. 457. The defendant's "theory" will not be considered in determining the *sufficiency* of the petition.

III. The defendant not only removed his part of the division fence, but opened the outside fence at each end of the division fence. The finding was against defendant on every issue made by the pleadings; and there is nothing to pass on in this appeal but the sufficiency of the petition.

IV. The judgment was for the right party and should not be disturbed.

Philips, P. J.—This is an action for injuries alleged to have been sustained by plaintiff by reason of the defendant wrongfully tearing down a partition fence between their respective lands, and a portion of plaintiff's fence connecting therewith. The answer alleged that six months prior to the time in question the plaintiff notified him that on the sixth day of August, 1883, he would tear away the fence so dividing their lands, and that on said day the defendant tore away said fence which plaintiff notified him he intended to remove on that day; that defendant tore away said fence in a careful and prudent manner, and set the same back a few feet on his own land, and denied the injury, etc.

The reply tendered the general issue.

The bill of exceptions recites simply that both parties

offered evidence tending to support the issues on their part. No instructions appear to have been asked or given. The court found the issues for plaintiff, assessing his damages at the sum of fifteen dollars. Defendant has appealed.

I. As no instructions were given or refused, and as the bill of exceptions recites that evidence was offered and received tending to support the issues on either side, the only question to be considered in this record is, does the petition state facts sufficient to constitute a cause of action?

We are of opinion that it does.

It avers, and the answer itself concedes, that the fence was a partition fence. It is also averred that the adjacent lands of plaintiff were in cultivation, with grass, rye, etc., and that defendant tore away this fence, and a part of plaintiff's fence connecting therewith, whereby the crops and grass were exposed to the invasion of stock, which entered, and trampled, and destroyed the crops, etc. ; and that plaintiff's stock running on his inclosures adjoining said partition fence, escaped, whereby plaintiff was put to great trouble and expense in hunting the same, all to his damage in the sum of one hundred dollars, for which judgment is prayed, together with the penalty of five dollars as, by statute in such case, made and provided. This certainly states a good cause of action under the statute. Sects. 3921, 3922, 3923, Rev. Stat. The evidence tending to establish these facts entitled plaintiff to a verdict, his witnesses being credited, which was solely for the trier of the facts.

Section 5663, Revised Statutes, provides that: "No division fence shall be removed without the consent of all the owners thereof, unless the party desiring to remove his portion of such fence shall first give to the other owner or owners six months' notice, in writing, of his intention to move the same, and at the expiration of said time he may move his part or portion thereof."

We do not think, as contended by the appellant,

that the notice given by plaintiff authorized the defendant to act thereon by removing the fence without giving the plaintiff the required notice of such intention. The plaintiff might abandon his declared intention. He is not compelled to proceed after such notice. It is only where the party making the removal has given the notice that the statute affords any protection to him for the interference. We fail to discover, in the simple act of the plaintiff giving notice of an intention to sever, any element of an estoppel in favor of the defendant. He was not notified, nor called on, to change his position, or to make the removal. He would have nothing to do for his own protection until the plaintiff made the severance; or, at least, the answer discloses no act done by him prior to the removal. On discovering that the plaintiff did not act on the notice, if the defendant desired to take the aggressive, he should have given the required notice to the plaintiff.

The judgment is affirmed. All concur.